UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN TYLER COLBOURN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA COURTS, et al.,<br><br>Defendants. | No. 2:20-cv-0725 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF Nos. 1, 37, 39). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B). An earlier filed order recommending that this action be dismissed is also pending. (See ECF No. 28).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis filed July 27, 2020 (ECF No. 37), shall be granted, and it shall be recommended that his subsequently filed in forma pauperis application (ECF No. 39) be denied as moot. In addition, the outstanding findings and recommendations issued July 9, 2020 (ECF No. 28), will be vacated. Finally, the undersigned shall recommend that this action be dismissed for failure to state a claim upon which relief may be granted.

////

1

# I. IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (See ECF No. 37). Accordingly, the request to proceed in forma pauperis will be granted, and it will be recommended that plaintiff's subsequently filed in forma pauperis application filed August 17, 2020 (ECF No. 39), be denied as moot.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

# II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

////

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. PLAINTIFF'S COMPLAINT

Plaintiff names California Courts and Butte County Courthouse as defendants in this action. (See ECF No. 1 at 1). He alleges that Butte County Jail is falsely imprisoning him. (See ECF No. 1 at 2). Specifically, plaintiff contends that he is eligible for release under California's Senate Bill 136.[1] (See id.). He further contends that because he has not been released, he has lost time and money, amongst other things. (See id.). He seeks "per day" pay and nine million dollars in damages for his imprisonment as well as immediate release. (See id. at 4).

### IV. DISCUSSION

#### A. Plaintiff's Claim Is Not Cognizable Under Section 1983

Plaintiff's claim is not cognizable under Section 1983. This is because, amongst other things, it challenges the length of his sentence. A prisoner cannot use a Section 1983 action to challenge the fact or duration of his confinement. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). He must seek federal habeas corpus relief or appropriate state relief instead. Wilkinson, 544 U.S. at 78.

////

////

---

[1] Senate Bill 136, as codified by Cal. Penal Code § 667.5(b) limits one-year sentencing enhancements to defendants whose prior prison terms were for sexually violent offenses. See Cal. Penal Code § 667.5(b).

3

**B.     Plaintiff's Claim Cannot Be Converted to a Habeas Petition**

When a prisoner files a Section 1983 complaint that seeks relief available only under habeas corpus, the district court should construe the complaint to that extent as a habeas petition. Franklin v. Oregon, 662 F.2d 1137, 1347 n.13 (9th Cir. 1981). Unfortunately for plaintiff, a conversion of this civil rights complaint to a habeas petition cannot be done for the following reasons.

First, plaintiff challenges his conviction and sentence, but he does not name the warden as a party to the action. See Rules Governing Section 2254 Cases, Rule 2(a); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). In addition, plaintiff asks for punitive damages. (See ECF No. 1 at 4). Claims for damages are neither appropriate nor available on habeas review. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974) (citation omitted). Thus, it is not clear that plaintiff intended to bring a habeas petition. When a plaintiff's intentions are not clear, the court should not convert a defective Section 1983 complaint into a habeas petition. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Furthermore, even if this matter could be converted into a habeas action, the law plaintiff challenges in the action is the failure to apply S.B. 136 to his case. (See ECF No. 1 at 2). Senate Bill 136 is state law. A state's violation of its own laws does not create a cognizable federal claim. See generally 42 U.S.C. § 1983; see also Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations omitted) ("[F]ederal habeas corpus relief does not lie for errors of state law."). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989) (brackets added).

The final reason the undersigned cannot convert the complaint is that a review of the court's records indicates that plaintiff has already challenged the imposition of enhancements on his sentence via a federal habeas petition. On March 11, 2020, plaintiff filed Colbourn v. Unknown, No. 2:20-cv-0550 JAM DB P ("Colbourn I"), a habeas petition. (See Colbourn I, ECF No. 1). A review of the pleading indicates that plaintiff has raised a similar claim of false imprisonment as it relates to the failure to apply S.B. 136 to his sentence. (Compare Colbourn I, ECF No. 1 at 1-2, with ECF No. 1 at 2-4). Although Colbourn I has yet to be fully adjudicated,

4

an order issued August 11, 2020, in <u>Colbourn I</u> which recommends that the action be summarily dismissed is pending review by the District Court Judge assigned to the matter. (<u>See</u> <u>Colbourn I</u>, ECF No. 8).

Given these facts, this matter cannot be salvaged either by granting leave to amend or by converting it to a habeas action. Therefore, it shall be recommended that the action be dismissed for failure to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A(b)(1).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, filed July 27, 2020 (ECF No. 37), is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith, and

3. The court's findings and recommendations issued July 9, 2020 (ECF No. 28), are VACATED.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis, filed August 17, 2020 (ECF No. 39), be DENIED as moot, and

2. This action be DISMISSED without prejudice for failure to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.

////
////
////
////

5

Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 12, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/colb0725.scm.of&r(2)